**ARMBRECHT MOTOR TRUCK SALES, INC., Plaintiff-Appellee,
v. UNDERWRITERS ADJUSTING CO., Defendant-Appellant,
WHITE, Defendant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3360. Decided December 12, 1950.

L. M. Cailor, Earl H. Cailor, Youngstown, for plaintiff-appellee.

James S. Modarelli, Jr., Youngstown, for defendant-appellant.

H. A. Mills, Niles, for defendant.

## OPINION

By PHILLIPS, PJ.

The parties will be referred to in this opinion as they appeared in the court of common pleas.

Plaintiff sued defendants in that court to recover $896.95 allegedly due it for repairing a trailer belonging to defendant White.

The parties waived trial by jury and submitted the issues in the case we review to the trial judge.

The trial judge entered judgment upon his findings in favor of plaintiff against defendant, Underwriters Adjusting Company, for the amount sought, and in favor of defendant White against plaintiff.

Defendant Underwriters Adjusting Company appealed from the judgment of the trial court on questions of law. As far as we are able to determine from its brief and oral argument defendant Underwriters Adjusting Company contends that the trial court refused its request "for a finding of facts and

conclusions of law separately," and accordingly erred to its prejudice; and that the finding and judgment of the trial court are not supported by sufficient evidence, and are against the manifest weight thereof.

Though complicated by counsel, the issues in the case we review and the questions presented to us for consideration and determination are simple.

Defendant White owned a tractor and trailer on which a loan company held a mortgage. To protect its mortgage the loan company insured both pieces of equipment. The insurance on the trailer was cancelled, of which cancellation defendant White was notified. Subsequent to cancellation of the insurance on the trailer it was damaged in a collision and removed to plaintiff's garage.

Defendant Underwriters Adjusting Company advised plaintiff to "have the releases which we have had prepared signed, collect $250.00 from Wayne White and release the trailer, and we will send you the check for the payment of the balance."

The evidence surrounding the transaction between the parties is such as to leave no doubt of the right of plaintiff to rely upon the liability of defendant Underwriters Adjusting Company to it.

This court cannot, and will not, reverse the finding and judgment of the trial judge on the urged ground that they are not supported by sufficient evidence and are against the manifest weight thereof.

This conclusion brings us forthwith to consider plaintiff's other urged error.

"It is mandatory upon a trial judge to make, when so requested, a special finding of fact separately from the conclusions of law, and his refusal so to do constitutes prejudicial error.

"The statutory rights of a party to such a finding is in no way affected by the fact his counsel sat silent at the opening of the trial, when the judge announced that he would consent to proceed with the trial of the case without a jury only on condition that he should not be asked to prepare a finding of fact and conclusions of law." **Strauss v. Friedman, 2 Oh Ap 11.**

Assuming, but not determining, that in the case we review it was mandatory upon the trial judge, upon request of defendant Underwriters Adjusting Company, to make a special finding of fact separately from the conclusions of law in our opinion, the opinion of the trial judge, or finding contained in the transcript submitted to us, is a sufficient finding of facts and conclusions of law stated separately to answer

appellant's request for a separate finding of facts and conclusions of law.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.